Argued and submitted July 10, affirmed September 6, 1995

In the Matter of the Compensation of
James E. Bogle, Claimant.

James E. BOGLE,
*Petitioner,*

*v.*

DEPARTMENT OF GENERAL SERVICES
and SAIF Corporation,
*Respondents.*

(WCB 93-04776; CA A86129)

901 P2d 968

Pamela A. Schultz argued the cause and filed the brief for petitioner.

Michael O. Whitty, Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Claimant seeks review of an order of the Workers' Compensation Board holding that his psychological condition is not compensable. We affirm the Board, but write to address claimant's contention that the Board erroneously discounted the opinion of his treating physician.

Claimant worked for the Telecommunications Division of the General Services Department of the State of Oregon as Chief Switchboard Services Operator. His primary job was to answer and route incoming calls to state government. In March 1993, claimant was aware that his position would be eliminated in June 1993, when a new automated system became operational. Claimant knew that it was likely that he would be transferred to a different position in state government, but apparently, according to his physician, he also had concerns about the possibility of being laid off.

In March 1993, calls to state government increased dramatically as a result of public response to a legislative proposal to cut education funding. To claimant, the work became difficult and stressful, and on March 4, 1993, claimant felt unable to continue and went home at the end of the morning. Before leaving, he called the Department Safety Officer to advise her that the working conditions were unsafe and that everyone was feeling very stressed. His supervisor advised him that he could return to work when he had been released by his physician.

Claimant has been under treatment for depression since 1987. When he left work in March 1993, he went to his family physician, Dr. Paulissen, who had been treating him for depression since 1991. In Paulisson's opinion, claimant's preexisting depression had become worse. Additionally, he attributed the change in claimant's condition to his employment:

> "[I]t appears that his work situation was indeed of increased stress with increased work load as well as *a possibility of being laid off or having to change jobs.* Increasing work load is an obvious stressor, but probably more so *uncertainty about one's job and work situation would be an extreme stressor* to most people. This certainly could relate to an exacerbation of his existing condition." (Emphasis supplied.)

The Board did not find Paulissen's opinion persuasive of compensability:

> "Paulissen * * * never indicates that the increased calls alone is the cause. The other cause which comprises the 'work situation,' according to Dr. Paulissen, is uncertainty of claimant's employment picture. Because the uncertainty of the employment would be equated with cessation of employment, the statute excludes this factor as a cause of a compensable condition. Dr. Paulissen's opinion is therefore not persuasive."

"The statute" to which the Board referred is ORS 656.802(3), which provides, in part:

> "Notwithstanding any other provision of this chapter, a mental disorder is not compensable under this chapter:
>
> "* * * * *
>
> "(b) Unless the employment conditions producing the mental disorder are conditions other than conditions generally inherent in every working situation or reasonable disciplinary, corrective or job performance evaluation actions by the employer, or cessation of employment."

The Board reasoned that claimant's employment uncertainty, *i.e.*, his concern about being laid off or transferred to a new job, was the equivalent of "cessation of employment" under ORS 656.802(3)(b), and could not properly be considered as a cause of a compensable condition.

■ Despite claimant's arguments to the contrary, there is substantial evidence to support a finding that claimant was concerned about his impending job transfer or that he might be laid off. The first question here is whether the statutory term "cessation of employment" includes uncertainty of employment or a concern about the possibility of being laid off.

In *Elwood v. SAIF*, 298 Or 429, 693 P2d 641 (1985), the Supreme Court held that, although illness resulting from the circumstances and manner of discharge can be considered work related, the stress of actual discharge or loss of the job cannot be treated as a condition of the employment. The court said that the occupational disease law did not make illness from *losing* a job a compensable risk of the job. *Id*. at 433.

SAIF contends that the legislative history of ORS 656.802 shows that the enactment of paragraph (3)(b) was an attempt to codify *Elwood*. It may be that the legislature intended to encompass the holding of *Elwood* within the scope of ORS 656.802(3). Tape Recording, House Task Force on Occupational Disease, October 8, 1986, Tape 21-31 at 081. However, "cessation of employment," the term that the legislature chose to describe the circumstance that would not be treated as a condition of employment, is quite narrow and specific. It means that one's employment has ended or will end. The circumstances described in Paulissen's report, claimant's concern over the *possibility* of being laid off or changing jobs, or "uncertainty in employment," are not cessation of employment, or even, in the language used by the Supreme Court in *Elwood*, 298 Or at 433, anticipated unemployment. We conclude that neither the statute nor the Supreme Court's opinion in *Elwood expressly* excludes the possibility of being laid off or transferred as a condition of the employment.

■     Nonetheless, we affirm the Board, because we conclude that concern over the status of one's employment in and of itself is not a condition of the employment for which one can be compensated. The Supreme Court's opinion in *Elwood* distinguished between the circumstances and manner of discharge, which are regarded as events intrinsic to the employment relationship, and the discharge itself, which, because it brings the person outside of the employment relationship, cannot be regarded as a condition of the employment. Similarly, the circumstances or manner of possible lay off or job transfer are events intrinsic to the employment relationship; however, no such circumstances have been described here. Following the Supreme Court's reasoning in *Elwood*, we conclude that the mere fact of transfer or possible lay off is not a condition of the employment; it is a shifting or possible interruption of the employment relationship and is not work related. Because Paulissen's opinion concludes that claimant's concern over being laid off or transferred was a significant cause of the worsening of his preexisting condition, the Board correctly reasoned that Paulissen's opinion does not support the compensability of the claim.

Affirmed.